

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-14-00044-CR

**DANIEL DEE MAKIN,**

                                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                        **Appellee**

_____

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 08-03139-CRF-272

_____

## MEMORANDUM OPINION

_____

Daniel Makin appeals from a revocation of his community supervision for the offense of theft of copper valued at less than $20,000, for which he was sentenced to two years' imprisonment in the state jail. TEX. PEN. CODE ANN. § 31.03 (e)(4)(F)(iii) (West 2011). Makin complains that the sentence imposed was excessive pursuant to the Eighth Amendment of the U.S. Constitution and Article I, Section 3 of the Texas Constitution. Because we find that this complaint was not preserved, we affirm the judgment of the trial court.

Makin argues that the imposition of the maximum sentence for a state jail felony was excessive and grossly disproportionate to the offense and the violations of Makin's community supervision pursuant to the Eighth Amendment. An appellant must make an objection in the trial court for us to review this issue for error on appeal. TEX. R. APP. P. 33.1(a). Claims of cruel and unusual punishment can be waived if not brought before the trial court. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (failure to raise a challenge to sentence under the Eighth Amendment to the U.S. Constitution in the trial court leads to waiver on appeal); *Noland v. State*, 264 S.W.3d 144, 151-52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (waiver of cruel and unusual punishment claim occurred because no objection was made at trial).

Makin did not raise any objection to the punishment at the trial court either at the time of sentencing or in a motion for new trial. As a result, he has waived this complaint. *See* TEX. R. APP. P. 33.1(a); *Rhoades*, 934 S.W.2d at 120. We overrule Makin's sole issue.

*Conclusion*

Having found that Makin did not preserve his sole issue, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed October 30, 2014
Do not publish
[CR25]

